## Ziegler et al. v. Gholson.

May 29, 1945.

E. Bertram for appellants.

Duncan & Duncan for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Gholson, a lease broker, plaintiff below, sought recovery of a commission for the sale of certain oil and gas leases. The two named appellants, together with the Paken Oil Company, were defendants. He charged that early in 1944 the three defendants employed him to procure a purchaser for certain oil and gas leases of Paken Oil Company, including wells and equipment located on lands in Wayne County. That under the contract the company was to receive $13,000 for the leases and excess over and above that sum was to be divided between plaintiff and defendant Greber, "and the defendants promised and agreed to pay plaintiff as his commission for services in procuring a purchaser, a sum equal to one-half of the excess over the price of $13,000." That pursuant to the contract he procured a purchaser for the property at a price of $18,000, and following his efforts the deal was closed, the oil company selling the leases

(as is disclosed in evidence) to one Johnson for $17,500 cash. He then demanded of defendants his commission, and they declined to pay.

There was neither demurrer nor motion to make more specific. The three defendants by answer denied the allegations of the petition without affirmative pleading. A mistrial occurred at the June 1944 term of court, and on a later trial, at the conclusion of the evidence, the jury under the court's instruction returned a verdict in favor of the oil company. Motion for peremptory was also made in behalf of the other defendants; the court overruled the motion, and submitted the question of liability of Ziegler and Greber. The jury found for plaintiff against both in the sum of $1,800, and judgment was entered accordingly.

Under the pleadings as perfected, the sole issue was whether or not the defendants had employed Gholson to sell, or to procure a purchaser for the oil leases. The matter of division or "splitting" the commission with Greber was only an issue, had it been made so by pleading between Gholson and Greber. The proof, sharply conflicting, is not clear or satisfactory on either side. Gholson was positive that both Ziegler and Greber, the former president, the latter secretary of the company, had authorized him to find a purchaser for the leases, and had agreed with him on a commission equal to the excess of the price (as it developed) of $13,500.

The proof shows that Gholson first presented to Greber a Mr. Partee who agreed to buy for an agreed price of $17,500. Partee put up $500 for a few days' option, but was unable to swing the deal. The officers, or at least Ziegler, who had come on from Philadelphia to close with Partee, gave Gholson a few days to "find another purchaser." Within the time Gholson brought to the office a Mr. Johnson, who after looking over the property agreed to, and did pay $17,500, and the deal was closed. Gholson had lived in Wayne County and had worked on and knew the properties. He also knew that Ziegler and Greber were respectively president and secretary of the company.

On the other hand Ziegler and Greber denied that they had promised any commission for the proposed sale. They denied that they had any conversation with

Gholson regarding the sale of the leases. However, Ziegler admits under pressure of cross-examination that when the Partee transaction failed he gave Gholson until "next Tuesday" to procure another purchaser, and he produced Johnson in time. There are some circumstances, not well developed, which might tend to show that Gholson was acting as Johnson's agent. It was shown that Johnson paid him $200, but Gholson denied that this was by way of commission. There is a check of the Paken Oil Company in the record for $175 payable to Gholson, and which was cashed by him. This check carried the words "commission on Spann Area." Greber had paid Gholson $25 in cash. Gholson insists that the payments were not in full of his commission. Greber says that while there was no contract for commission, the $200 was paid to avoid any controversy with Gholson. It is not plead that the check was in settlement. The court directed credit for this amount in his instructions, and eliminated from consideration of the jury the $500 which Partee had paid for his unexercised option.

The court conceiving the issue to be the same as we have stated it, instructed the jury that if they believed from the evidence that the defendants, Zeigler and Greber, authorized Gholson to procure a purchaser for the leases, and that he should receive as commission one-half the excess of the sale price, and while the agreement was in effect procured a purchaser, and the sale was consummated, they should find for him one-half the excess over $13,500, subject to a credit of $200.

Appellants in brief contend that they were entitled to a peremptory instruction because the evidence was not sufficient to pass the case to the jury, and further the pleadings did not state a cause of action against the appealing defendants. This is based on the assertion that the pleadings did not allege a contract with the owner of the property. A casual reading of the petition shows otherwise. It is also contended that a corporation can only transact its business through and by its directorate, and its officers cannot sell or encumber its properties without proper executive authority. Also that one dealing with an agent must ascertain the scope of the agent's authority. Respectable authorities are cited supporting these principles, but they do not apply under the facts of this case. It is noted that these questions were not

raised by any sort of affirmative pleading, nor did appellants offer instructions covering these points.

It is also contended that the law is that one may not recover on a contract which is vicious, of immoral nature, or against public policy. This is also a well-established principle, but there was no pleading setting up the defense, nor did appellants tender an instruction covering either this phase, or the matter of payment, which, of course (as to the latter) they could not consistently do. The only vicious or immoral conduct in the whole transaction (and which Greber denies) was the proposal to split the sales price between Greber and Gholson. This had little to do with the real issue.

Gholson was dealing here with the president and secretary of the Paken Oil Company. The proof shows pretty conclusively that Zeigler had authority to sell, since he optioned with Partee, and then closed with Johnson. Zeigler came to Monticello to deal with Partee on Greber's notification that he had closed with Partee "subject to Zeigler's approval." Zeigler does say that the "Company" had no information that a commission was to be paid to any one, and Greber says he "could do nothing without the Company's consent." Whether the Company authorized the commission contract seems to be the chief issue according to appellants.

There are a number of cases which hold that an officer of a corporation who enters into an unauthorized contract on behalf of a corporation, becomes liable personally for payment of commission. Mueller v. Nugent et al., 187 Ky. 61, 218 S. W. 730, is directly in point, as are Slusher v. Moore, 202 Ky. 13, 258 S. W. 946; Womack v. Douglas, 157 Ky. 716, 163 S. W. 1130.

The only instruction offered by appellants was the. one asking for peremptory. Under the proof, admittedly conflicting, this was properly overruled. The sole objection to the one given as to liability was that the pleadings and proof did not authorize it. We are of the opinion that the court properly gave it, and the weight of the evidence was for the jury. We see no reason for disturbing the verdict.

Judgment affirmed.